Tagged for publication



**ORDERED in the Southern District of Florida on January 29, 2014.**

John K. Olson, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

**HANS JUERGEN FALCK**,                    Case No. 12-24855-JKO
                                           Chapter 13

          Debtor.

_____/

**ORDER IMPOSING SANCTIONS, PENALTIES, AND AN INJUNCTION**
**AGAINST ANTONIO DIAZ, NICOLE DIAZ, SAVING HOMES, INC.,**
**AND BANKCREDIT MORTGAGE USA**
**PURSUANT TO ORDER TO SHOW CAUSE [ECF 40]**

THIS CASE came before the Court on November 14, 2013, upon the final evidentiary

hearing on the Order to Show Cause ("OSC") [ECF 40] originally entered November 19, 2012, as

modified. After hearing the representations and arguments of counsel for the Debtor, the United

States Trustee, and from Antonio and Nicole Diaz, both appearing *pro se,* after reviewing the

evidence presented at the evidentiary hearing and at the prior hearings on the OSC and after

considering the entire record in this case and reviewing applicable law, the Court makes the following findings of fact and conclusions of law, and imposes sanctions, penalties and a permanent injunction against Antonio Diaz, Nicole Diaz, and entities owned and controlled by Antonio Diaz, including Saving Homes, Inc., and BankCredit Mortgage USA.

### FINDINGS OF FACT

On June 19, 2012, a skeleton petition for relief under Chapter 13 of the Bankruptcy Code ("Petition") [ECF 1] was filed on behalf of the Debtor, Hans Juergen Falck, then *pro se*. Concurrently with the Petition, a Statement of Social Security Number [ECF 3], a Declaration and Signature of Non-Attorney Bankruptcy Petition Preparer ("Declaration") [ECF 4], and a Disclosure of Compensation of Bankruptcy Petition Preparer ("Disclosure") [ECF 5] were filed. The documents filed were signed by the Debtor and by Nicole Diaz as a non-attorney bankruptcy petition preparer. The Disclosure indicated that zero dollars had been accepted, zero dollars were received and zero dollars were due from the Debtor for non-attorney bankruptcy preparation services.

As required by Local Rule 1002-1(B)(1)(d), documentary proof of the Debtor's identity was provided together with a copy of the proof of identity of Nicole Diaz, the individual who brought the Petition to the Clerk's Office on behalf of the Debtor, with an attached power of attorney. These three documents are filed at ECF 2. In addition to the documents filed, Nicole Diaz filed an application for the Debtor to pay the filing fee in installments ("Application") [ECF 6] and paid $50 [ECF 7] at the time of the filing of the Petition.

On July 3, 2012, Payment Advices [ECF 12], a Statement of Current Monthly Income and Disposable Income Calculation [ECF 13], the Debtor's Certificate of Budget and Credit Counseling [ECF 14], the Schedules [ECF 15], and a Chapter 13 Plan [ECF 16], were filed on behalf of the

Debtor. The Debtor did not prepare or file these documents with the Court; however, it is unclear as to whether these documents were filed directly by Nicole Diaz, Antonio Diaz or someone else.

On July 25, 2012, this Court entered an Order [ECF 23] dismissing the case with 180 days prejudice period for failure of the Debtor to pay the filing fee installment of $77 due on July 19, 2012. Following the closing of the case on August 30, 2012 [ECF 30], a Motion to Vacate Order of Dismissal and to Reopen Case [ECF 31, 32] was filed on behalf of the Debtor. A hearing on the motion was conducted on November 5, 2012. At the hearing, the Debtor explained that he had paid significant funds to Saving Homes, Inc., and Antonio Diaz, for bankruptcy petition preparation services. This Court continued the hearing upon the motions and directed that the matter be investigated.

The subsequent investigation revealed that over $7,000 had been paid by the Debtor to Saving Homes, Inc. and Antonio Diaz. That evidence contradicted the Disclosure filed by Nicole Diaz at ECF 5, which asserted that zero dollars had been paid. Pursuant to 11 U.S.C. § 110, the failure of a non-attorney bankruptcy petition preparer ("BPP") to disclose fees charged and paid by the Debtor, as well as the payment of excessive and/or unreasonable fees charged for document preparation services is subject to sanctions, penalties and appropriate injunctive relief. This Court directed further investigation and on November 19, 2012, entered the OSC [ECF 40], which ordered both Antonio and Nicole Diaz to appear before the Court and explain what amounts the Debtor paid for their bankruptcy petition preparation services and to show cause why sanctions should not be imposed if fees were charged and not disclosed, or if the fees charged were excessive, all of which constitutes a violation of § 110.

Hearings on the OSC continued for almost an entire year, involving discovery, litigation, and

arguments from the Debtor's counsel, the United States Trustee, and from Antonio and Nicole Diaz. The docket reflects each of these disputes and hearings. Antonio Diaz, Nicole Diaz, Saving Homes, Inc., and BankCredit Mortgage USA had numerous opportunities to present evidence in their favor and to seek representation of counsel. Although they were initially represented by counsel, Antonio and Nicole Diaz appeared *pro se* at the time of the final evidentiary hearing on the OSC. No attorney appeared on behalf of Saving Homes Inc., and BankCredit Mortgage USA. The Court finds that Antonio Diaz and Nicole Diaz understood the gravity of the issues presented by the OSC and had full opportunity to defend themselves.

## VIOLATIONS OF 11 U.S.C. § 110

11 U.S.C. §110 of the Bankruptcy Code regulates the activity of non-attorney BPPs. Violations of §110 can result in penalties, sanctions, and injunctive relief if a BPP has prepared bankruptcy petitions on behalf of a debtor negligently, fraudulently, or in violation of § 110.

The Debtor utilized the services of Saving Homes, Inc., and Antonio Diaz to assist him in mortgage foreclosure defense and in the preparation and filing of his Petition. Saving Homes, Inc., is an active Florida corporation. Antonio Diaz is its sole owner and director. The Court finds that Nicole Diaz assisted Antonio Diaz (her father) in this and in many other similar cases over a period of several years. Nicole Diaz was the non-attorney BPP who prepared the Debtor's Petition, Disclosure, and Declaration. She did so as an agent of Saving Homes, Inc., and under the supervision of Antonio Diaz.

Antonio Diaz, Nicole Diaz, Saving Homes, Inc., and BankCredit Mortgage USA, and/or its agents, assigns, directors, and employees ("Defendants"), have provided their services for mortgage foreclosure defense and as BPPs to numerous other debtors. Defendants filed a fourteen page

4

customer list [ECF 119] which identifies hundreds of clients and case files handled by the Defendants in the last three years.  The evidence presented over the months of show cause hearings establishes that the Defendants violated many provisions of §110, that they did so in each and every case reviewed by the Court in which they provided services as BPPs, and that they have consistently engaged in fraudulent, unfair, and deceptive practices.  None of the Defendants is licensed to practice law in the State of Florida or in any other jurisdiction and, at all times material to the facts and issues underlying this case, none of them was operating as a paralegal under the supervision or control of a licensed attorney.

Pursuant to 11 U.S.C. § 110(a)(1), a BPP is a "person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing."  A document for filing means "a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title."  11 U.S.C. § 110(a)(2).

By preparing for compensation the Debtor's Petition and executing the Petition as a non-attorney BPP, Nicole Diaz is a BPP within the meaning of §§ 110(a)(1) and (2) and is subject to its provisions and requirements. By preparing for compensation and executing many other petitions as a non-attorney BPP, by supervising and giving instructions to Nicole Diaz concerning the preparation and filing of the Debtor's Petition, and by operating and conducting business under Saving Homes, Inc., and BankCredit Mortgage USA, Antonio Diaz is also a BPP within the meaning of §§ 110(a)(1) and (2) and is subject to its provisions and requirements.

The Debtor was unable to remain current on his mortgage payments and a foreclosure action was filed against him in or about June, 2010.  Soon after the foreclosure case was filed against him,

the Debtor received an advertisement by mail from the Defendants and, after meeting the Defendants, proceeded to make monthly payments to them for mortgage foreclosure defense. The Debtor is a working man, not well educated, and utterly unsophisticated in legal and financial matters. He was easy prey. After approximately two years of monthly payments, the Defendants suggested to the Debtor that he file a bankruptcy petition in an effort to save his home from foreclosure. The Debtor paid a total of $7,600 to the Defendants for their services, which included preparation of the Debtor's Petition and of later pleadings [ECF 31, 32] seeking to vacate the dismissal and reopen his bankruptcy case. As explained below, through their conduct in this case, the Defendants are responsible for multiple violations of various provisions of § 110 of the Bankruptcy Code.

Although the statutorily required Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer ("Notice") [ECF 4] was filed, the Notice was signed by the Debtor on June 19, 2012, the Petition date. Accordingly, the Court finds that the Notice was not provided to the Debtor *before* Nicole Diaz prepared the documents for filing and *before* the Defendants accepted payments from the Debtor, as required under 11 U.S.C. § 110(b)(2)(A). Although the Debtor signed the Petition, Declaration, and other preliminary documents for filing, the evidence presented shows that the Defendants failed to provide the Debtor with a copy of the documents for filing before he signed them as required under 11 U.S.C. § 110(d). The Defendants failed yet again to provide the Debtor and file with the Court any notice concerning the additional documents accompanying the Schedules[1] filed on July 3, 2012, as required by § 110(b)(2)(A). The Defendants also did not provide

---

[1] Attached to the Schedules [ECF 15] is a "certificate of notice to consumer debtors under § 342(b) of the bankruptcy code." Saving Homes Inc. and Reijo Seppanen are listed as the BPPs on this document. Schedules at 26-27. Additionally, what appears to be a purported agreement signed by Antonio Diaz on behalf of Saving Home Inc. and the Debtor is attached to the Schedules. While this document

the Debtor with a copy of these additional documents for filing before he signed them, as required by § 110(d).

While the Debtor signed the Schedules, Statement of Current Monthly Income, and the Chapter 13 Plan, the Defendants prepared the information contained therein in violation of § 110(e). When the Defendants filed the Petition and other documents on behalf of the Debtor, they collected and received payment from the Debtor for the court fees in connection with filing this case, in violation of § 110(g).

The Defendants filed a false Disclosure indicating that they had received zero dollars from the Debtor for their services and that zero dollars were owed by the Debtor.  At the time the Disclosure was filed, the Debtor had already paid $7,600 to the Defendants. Even after paying such a large amount for the very minimal services provided, the Debtor could have still owed additional amounts on an ongoing monthly basis to the Defendants for their "mortgage foreclosure defense services," all under the terms of an agreement prepared by the Defendants.  Because the Disclosure is false, it constitutes a violation of 11 U.S.C. § 110(h)(2). Not only was the manner in which fees were charged by the Defendants  violative of several sub-sections of § 110 of the Bankruptcy Code, the amount of fees charged – $7,600 – is unreasonable and grossly in excess of the value of the services provided and, pursuant to § 110(h)(1), subject to disgorgement and turnover.

Each of the documents prepared by the Defendants and filed in the Debtor's case, including the Petition, Statement of Social Security Number, the Declaration, Disclosure, Application,

---

gives notice that Saving Homes Inc., does not provide legal advise, it does not mention Antonio Diaz, Nichole Diaz (the original BPP), or Reijo Seppanen individually. Furthermore, this document states that Saving Homes Inc. charged the Debtor $2,500.00 for preparing his Chapter 13 documents. This is in complete contradiction to the zero amount listed in the Disclosure [ECF 5] and the $7,600.00 actually charged of the Debtor.

Payment Advices, Statement of Current Monthly Income and Disposable Income Calculation, Certificate of Budget and Credit Counseling, Schedules, and Chapter 13 Plan, constitutes a "document for filing" as defined under § 110(a)(2). The Defendants actions in these matters are in violation of § 110 of the Bankruptcy Code and this Court finds that fines, penalties and statutory sanctions are appropriate in this case.

## DEFENDANTS' PERVASIVE CONDUCT

Sadly, the Defendants illegal conduct in the Debtor's case is not a one-off.  Rather it is their normal practice, repeated in many other cases –  hundreds even – in state court and in Bankruptcy Court.  Many clients, largely vulnerable and unsophisticated, have hired the Defendants to "represent" them in mortgage foreclosure actions, promising to keep them in their homes for years. As part of their scheme, Defendants have hired lawyers (themselves largely novice and mediocre) to act for their clients.  In all of those cases, it has been the Defendants who controlled and directed the lawyers and not the other way around, turning on its head the rule that lawyers must supervise paralegals.[2]  Although the Defendants argued that filing bankruptcies for their clients was not the end plan of their business practices, the Court finds the argument to be false and misleading: bankruptcy petitions were always an arrow in the Defendants' quiver of "services."

The Defendants collected thousands of dollars from their clients throughout the years to delay foreclosure proceedings.  The lawyers Defendants hired for their clients in some cases never even met the client before undertaking the representation, and took direction from the Defendants rather than from the clients (who, in most cases, were only superficially aware of what was really going on).  Defendants filed many skeleton bankruptcy petitions  for their clients, in some cases

---

[2] No finding is being made by the Court that the Defendants are paralegals in any way.

multiple filings for the same client.  This was not the exception to the Defendants' business practice. It was their standard business practice, undertaken while purposefully and falsely representing to the Court that they had received zero monies from the debtors for their services and filing patently false declarations under penalty of perjury.  Until now, the Defendants were remarkably successful in hiding their illegal business practices from the Courts.[3]

This Court finds that the Defendants' conduct evidenced in this case and in many others violates § 110 of the Bankruptcy Code, and constitutes fraudulent, unfair, misleading, and deceptive practices.  Throughout this process, the Court has observed not only conduct violative of § 110, but also misrepresentations of the facts and of the Defendants' experience and education.  The case reeks of fraudulent, misleading, unfair, and deceptive conduct towards the Debtor, the Defendants' other clients, the United States Trustee, and the Court.  The testimony provided at the OSC hearings by the Defendants was both outrageous and false, contradicted by the evidence presented by the United States Trustee, the Debtor, and even, in some cases, by the Defendants themselves.  This conduct appears to be continuous; indeed, Antonio Diaz submitted a proposed order following the final evidentiary hearing on the OSC in which he represents that "I don't think any of us violated § 110 of the Bankruptcy Code.  We have the evidence to proof [sic] it and the Court has the evidence."[4]  He reiterated his belief that neither he nor the other Defendants have violated § 110 at

---

[3]This case lead to the discovery of the Defendants' illegal business operations only because the Debtor complained to this Court.  Had he not done so, Defendants might well have been able to continue to fly under the radar.

[4]Mr. Diaz's proposed two page Order Dismissing Case against Antonio Diaz, Nicole Diaz, Saving Homes, Inc., and BankCredit Mortgage USA was submitted to chambers at the Court's request, as was a proposed order submitted by the United States Trustee.  Neither appears on the Court's Docket in this case.  Any party in interest who wishes either proposed order to be docketed is directed to file a motion seeking such relief within 14 days of the entry of this Order.

the January 11, 2014 hearing conducted on other motions in this case. Plainly, the Defendants don't

get it.  The Court finds in these circumstances that a simple injunction prohibiting the violative

conduct will not be sufficient to prevent the Defendants' interference with the proper administration

of this Court and of the Bankruptcy Code.

### RELIEF PROVISIONS

11 U.S.C. §110 provides for monetary and injunctive relief against non-attorney BPPs for

violations of its provisions.  When, as  here, a bankruptcy court finds that the BPPs have violated

provisions of § 110 of the Bankruptcy Code, it can impose sanctions and penalties for the violative

conduct and impose injunctive relief to prohibit further misconduct.

### Failure of the Bankruptcy Petition Preparers to Comply
### with the Disclosure Requirements of 11 U.S.C. § 110(b)

11 U.S.C. §§110(b)(2)(A) and (B) require BPPs to provide a written notice on an official

form informing the Debtor that the BPP is not an attorney and is not allowed to practice law or give

legal advice. This notice must be provided to the Debtor prior to preparing any document for filing

or accepting any fees from or on behalf of the Debtor. Although the Debtor signed the Declaration

containing the Notice [ECF 4], the Declaration is clear that the Debtor signed it on the same day the

case was filed and did not receive or sign it prior to the preparation of the documents for filing.

Likewise, the notice attached to the end of the Schedules is dated July 3 2012, the same day that the

Schedules were filed with the Court. Pursuant to 11 U.S.C. § 110(l)(1), the Defendants are subject

to fines of $500 for each violation of this section. As each document for filing constitutes a separate

violation, the filing of the Petition, Statement of Social Security Number, Disclosure, Declaration, and

Application, each constitutes a separate violation, subject to a $500 fine. Furthermore, when the

Defendants prepared and filed the additional documents for filing, including the Payment Advices,

10

Statement of Current Monthly Income and Disposable Income Calculation, Certificate of Budget and Credit Counseling, and Chapter 13 Plan, no notice was provided to the Debtor and none was filed with the Court. Pursuant to 11 U.S.C. § 110(l)(1), the Defendants are subject to fines of $500 for each of these additional violations.

The Defendants are also in violation of 11 U.S.C. § 110(b)(1) for their failure to sign each document for filing and to print on the document the BPP's name and address. The Statement of Social Security Number, Payment Advices, Statement of Current Monthly Income and Disposable Income Calculation, Certificate of Budget and Credit Counseling, and Chapter 13 Plan all fail to contain the BPP identifying information as required by § 110(b)(1). Pursuant to §§ 110(h)(3)(B) and (C), all fees paid by or on behalf of the Debtor may be forfeited in any case in which a BPP has failed to comply with § 110(b). Therefore, in addition to the fines imposed above, all fees received by the Defendants are subject to disgorgement for the Defendants' violations of § 110(b).

## Failure of the Bankruptcy Petition Preparer to Comply
## with the Requirements of 11 U.S.C. § 110(d)

11 U.S.C. §110(d) of the Bankruptcy Code requires BPPs to provide the debtor with a copy of every document for filing no later than the time the document for filing is presented for the Debtor's signature. Evidence presented indicates that the Defendants never provided the Debtor with a separate copy of the Petition, Statement of Social Security Number, Disclosure, Declaration, Application, Payment Advices, Statement of Current Monthly Income and Disposable Income Calculation, Certificate of Budget and Credit Counseling, Schedules, and Chapter 13 Plan. Therefore, pursuant to 11 U.S.C. § 110(l)(1), the Defendants are subject to fines of $500 for each violation of this section. As each document for filing constitutes a separate violation, the failure to provide the Debtor with copies of each document subjects the Defendants to a $500 fine for each.

11

Pursuant to §§ 110(h)(3)(B) and (C), all fees received by a BPP may be forfeited in any case in which a BPP has failed to comply with § 110(d) of the Bankruptcy Code.  Therefore, in addition to the fines imposed above, all fees received by the Defendants are subject to disgorgement to the Debtor for the Defendants' violations of § 110(d).

### Failure of the Bankruptcy Petition Preparer to Comply with the  Requirements of 11 U.S.C. § 110(e)

11 U.S.C. §110(e)(2) of the Bankruptcy Code prohibits BPPs from providing legal advice, including, but not limited to advice concerning: (i) whether to file a petition under this title or whether commencing a Chapter 7, 11, 12, or 13 is appropriate; (ii) whether the debtor's debts will be discharged in a case under this title; (iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title; (iv) concerning the tax consequences of a case brought under this title or the dischargeability of tax claims; (v) whether the debtor may or should promise to repay the debts to a creditor or enter into a reaffirmation agreement with a creditor; (vi) concerning how to characterize the nature of the debtor's interest in property or the debtor's debts; or (vii) concerning bankruptcy procedures and rights. 11 U.S.C. § 110(e)(2)(B).

By preparing the Statement of Current Monthly Income and Disposable Income Calculation, the Chapter 13 Plan, and by selecting which exemptions, if any, the Debtor should claim on Schedule C, the Defendants engaged in providing legal advice to the Debtor in violation of §110(e) of the Bankruptcy Code. "Advising of available exemptions ... or actually choosing an exemption for the debtor ... requires the exercise of legal judgment beyond the capacity and knowledge of lay persons." *In re Kaitangian*, 218 B.R. 102, 110 (Bankr. S.D. Cal. 1998).  *See also In re Dunkle*, 272 B.R. 450 (Bankr. W.D. Pa. 2002) (classifying and selecting exemptions violates § 110); *In re Moffett,* 263 B.R. 805 (Bankr. W.D. Ky. 2001) (advising upon available exemptions violates § 110). Such

12

business practice also constitutes the unlawful practice of law.  *See  In re Bachmann*, 113 B.R. 769

(Bankr. S.D. Fla. 1990) (holding that BPPs may not engage in legal assistance, make inquiries or

answer legal questions).

Pursuant to 11 U.S.C. § 110(l)(1), the Defendants are subject to fines of $500 for each violation

of this section. As each document filed by the Defendants where legal advice was provided constitutes

a separate violation, the filing of these documents subjects the Defendants to a $500 fine for each.

Pursuant to §§ 110(h)(3)(B) and (C), all fees paid by a debtor may be forfeited in any case in which

a BPP has failed to comply with § 110(e) of the Bankruptcy Code.

### Failure of the Bankruptcy Petition Preparer to Comply
### with the Requirements of 11 U.S.C. § 110(g)

11 U.S.C. §110(g) of the Bankruptcy Code prohibits BPPs from collecting or receiving any

payment from the Debtor or on behalf of the Debtor for court fees in connection with filing the

Petition or other documents.  A BPP's acceptance of money for court costs violates § 110 of the

Bankruptcy Code. *In re Moffett*, 263 B.R. 805 (Bankr. W.D. Ky. 2001). See *In re Avery*, 280 B.R.

523, 531 (Bankr. D.Colo. 2002) ("Section 110(g) prohibits a petition preparer from taking possession

of a debtor's filing fee in any form–including acceptance [sic] a debtor's check or money order made

payable to the bankruptcy court..."); *In re Jones*, 227 B.R. 704 (Bankr. S.D. Ind. 1998) (barring

petition preparer from collecting monies intended to be paid to the Clerk of the Bankruptcy Court);

*In re Green*, 197 B.R. 878 (Bankr. D. Ariz. 1996) (petition preparers must not control the time of

filing by collecting the filing fees and delivering them to the court). In this case, the Defendants

received the first $50 installment for court fees from the Debtor and paid that installment to

Bankruptcy Clerk of Court.  In doing so in connection with filing the Petition on behalf of the

Debtor, the Defendants violated § 110(g) of the Bankruptcy Code.

Pursuant to 11 U.S.C. § 110(l)(1), the Defendants are subject to fines of $500 for each violation of this section.  Furthermore, pursuant to §§ 110(h)(3)(B) and (C), all fees received by the Debtor may be forfeited in any case in which a BPP has failed to comply with § 110(g) of the Bankruptcy Code.

### Failure of the Bankruptcy Petition Preparer to Comply with the Requirements of 11 U.S.C. § 110(h)

11 U.S.C. § 110(h) of the Bankruptcy Code requires BPPs to file a declaration under penalty of perjury, disclosing any fees received from or on behalf of the debtor within 12 months immediately preceding the bankruptcy filing, and to disclose any unpaid fee charged to the debtor. In this case, the Defendants filed a false Disclosure indicating that no monies had been received from the Debtor and that the Debtor owed the Defendants no monies.  In fact, the Debtor had already paid $7,600 to the Defendants.

Pursuant to § 110(h)(3)(A) of the Bankruptcy Code, the Court "shall disallow and order the immediate turnover" of any fees paid to a BPP if the Court finds that the fees are in excess of the value of the services provided or in violation of §§ 110(h). The fees charged by the Defendants to the Debtor are grossly unreasonable and in excess of the value of the services provided.  In reality, the fees charged here were outrageous. As such, the Defendants are ordered to immediately turn over to the Bankruptcy Trustee the $7,600 in fees collected by them from the Debtor.  In the event that the Debtor claims these funds as exempt pursuant to 11 U.S.C. § 110(h)(3)(C), the Trustee is directed to turn over these forfeited fees to the Debtor unless the Trustee seeks and obtains an order from this Court mandating a different disposition of the funds.

### Statutory Sanctions

Pursuant to 11 U.S.C. § 110(i)(1) of the Bankruptcy Code, BPPs are subject to statutory sanctions if the BPP has violated § 110 or commits any act that the Court finds to be fraudulent,

unfair, or deceptive conduct.  These sanctions are (i) in the amount of the Debtor's actual damages; plus (ii) the greater of $2,000 or  twice the amount paid by the Debtor to the BPP; plus (iii) attorney's fees and costs. § 110(i)(1). The Court finds that the Defendants engaged in fraudulent, unfair, and deceptive conduct toward the Debtor and finds that the imposition of these statutory sanctions is reasonable given the circumstances.  Pursuant to § 110(i)(1)(B)(ii), the Defendants are hereby sanctioned in the amount of $15,200, which constitutes twice the amount paid by the Debtor to the Defendants.  The Court finds that the Debtor is entitled to recover his actual damages under § 110(i)(1)(A) and to payment of his attorney's fees and costs under § 110(i)(1)(C), upon motion after notice and a hearing and further Order of this Court.

## Injunctive Relief

11 U.S.C. §§ 110(j)(1) and (2) of the Bankruptcy Code provides for injunctive relief prohibiting a BPP from engaging in conduct violative of § 110, if the Court finds that a bankruptcy petition preparer has (i) engaged in conduct in violation of § 110 of the Bankruptcy Code; (ii) misrepresented the preparer's experience or education as a BPP; or (iii) engaged in any other fraudulent, unfair, or deceptive conduct; and injunctive relief is appropriate to prevent the recurrence of such conduct. § 110(j)(2)(B) further provides that if the BPP has continually engaged in the conduct described in the previous sentence, and if the Court believes that an injunction prohibiting such conduct will not be sufficient to prevent the BPP's interference with the proper administration of the Bankruptcy Code, the Court may enjoin the party from acting as a BPP altogether.

In this case, the Defendants have violated numerous provisions of § 110 of the Bankruptcy Code by engaging in pervasive fraudulent, misleading, and deceptive conduct;  not only in this case, but in hundreds of other cases during the past three or more years.  This Court finds that a temporary

15

injunction prohibiting the violative conduct will not be sufficient to prevent the Defendants' interference with the proper administration of the Bankruptcy Code. Accordingly, the temporary injunction entered on March 26, 2013, in the Order (I) Requiring Certain Disclosures and (II) Continuing Order to Show Cause to May 14, 2013 [ECF 108], prohibiting the Defendants from acting as BPPs in the Southern District of Florida, should become permanent and should be expanded to prohibit the Defendants from acting as BPPs in any District in the United States.

Having found that the Defendants have violated numerous provisions of § 110 of the Bankruptcy Code and that sanctions, penalties, and injunctive relief are appropriate in this case, the Court **ORDERS** as follows:

1.      For the Defendants' violations of 11 U.S.C. §§ 110(b), (d), (e), and (g) , the Defendants **SHALL PAY** the United States Trustee fines in the amount of $5,000,[5] pursuant to 11 U.S.C. §§ 110(l)(1) and (4), within 15 days from the entry of this Order.

2.      For the Defendant's violations of 11 U.S.C. §§ 110(b), (d), (e), and (g) and for the Defendants' failure to disclose all fees paid by the Debtor, the Defendants **SHALL IMMEDIATELY PAY** to Robin Weiner, the Standing Chapter 13 Trustee, the $7,600 received from the Debtor.  Disposition of these funds shall be made by the Chapter 13 Trustee to the Debtor unless otherwise ordered by this Court on motion and after notice and a hearing.  If Defendants fail to comply with the turnover of these funds, they are subject to additional fines of $500 for each failure to comply with the turnover of funds within 30 days of the service of this Order.

3.      For the Defendants' violations of § 110 of the Bankruptcy Code and for engaging in

---

[5] This amount includes one $500 fine for each document filed that contains a violation of 11 U.S.C. § 110. In the exercise of its discretion, the Court is not imposing additional fines for multiple violations contained within or relating to the same document.

fraudulent, unfair, and deceptive practices, the Defendants **SHALL PAY** to the Debtor statutory sanctions of $15,200, representing twice the amount paid by the Debtor to the Defendants within 15 days from the entry of this Order.

4.     For the Defendants' violations of §110 of the Bankruptcy Code and for engaging in fraudulent, unfair, and deceptive practices, the Defendants **SHALL PAY** the Debtor's actual damages (to the extent that such actual damages exceed or differ from the $7,600 paid by the Debtor and ordered disgorged in decretal paragraph 2 above) and the reasonable attorney's fees and costs of the Debtor's attorney, in amounts to be determined in the future by separate motion and order after notice and a hearing.  Such payment **SHALL** be made within 15 days of the entry of an Order calculating the actual damages and reasonable attorney's fees, respectively.

5.     Antonio Diaz, Nicole Diaz, Saving Homes, Inc., BankCredit Mortgage USA, directly or indirectly, or through any company, associate, employee, or other entity associated with any of them, and any affiliate (as defined in 11 U.S.C. § 101(2)) or any insider (as defined in 11 U.S.C. § 101(31)) of any of them are **PROHIBITED** from preparing or assisting in the preparation of bankruptcy petitions or any documents prepared in connection with a bankruptcy case in any District in the United States.

6.     Each of the Defendants is jointly and severally liable for the fines, disgorgements and sanctions ordered herein.

7.     The Court retains jurisdiction to interpret, modify, and enforce the provisions of this Order.

###

18